Ronca Utilities Construction Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Respondent.

Argued December 8, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Paul C. Hensel,* with him *Maloney, Danyi, Goodman, Hensel & Center,* for appellant.

*Herbert S. Cohen,* Assistant Attorney General, with him *Charles S. Solit,* General Counsel, for appellee.

OPINION BY JUDGE WILKINSON, JR., January 10, 1978:

This is an appeal from the Order of the Pennsylvania Prevailing Wage Appeals Board (Board), dated October 15, 1976, affirming[1] a determination by the Secretary of Labor and Industry (Secretary) finding that the petitioner had intentionally violated Section 5 of the Pennsylvania Prevailing Wage Act (Act), Act of August 15, 1961, P.L. 987, *as amended,* 43 P.S. §165-5. We remand.

In 1972 petitioner was a subcontractor on a public works project at East Stroudsburg State College in Monroe County. An audit of petitioner's payroll records and interviews with workmen led to an allegation by the Department of Labor and Industry that petitioner failed to pay predetermined prevailing wages to three workmen. After formal notice, a hearing was held on April 26, 1976 where the Commonwealth presented evidence but the petitioner failed to appear. The hearing examiner concluded that there was an underpayment and found this violation was intentional which was concurred in by the Secretary

---

[1] The chairman and two members of the Board voted to affirm and one member dissented.

and resulted in a decision that petitioner be barred from future public work projects for a period of three years as mandated by Section 11(e) of the Act, 43 P.S. §165-11(e). On appeal to the Board, counsel for petitioner explained the failure to appear at the hearing was due to a clerical oversight and asked the Board to remand the matter back to the hearing stage so that the contractor could present evidence on the alleged violation.

Due to all the circumstances in this case, including the harsh penalty imposed by Section 11(e) of the Act, the mandatory nature of the provision, petitioner's prior history of compliance, and facts relating to its failure to appear at the first hearing, we believe petitioner should be given an opportunity to present evidence regarding these violations at a second hearing.

Accordingly, we will enter the following

ORDER

AND Now, January 10, 1978, the Order of the Prevailing Wage Appeals Board, dated October 15, 1976, is hereby reversed and the case remanded for an evidentiary hearing consistent with this opinion.